# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO J. BARRAGAN, CDCR #BA-2038, <br><br> Plaintiff, <br><br> vs. <br><br> CAPTAIN D. FLYNN, et al., <br><br> Defendants. | Case No.: 3:16-cv-1391-MMA-JMA <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** <br><br> [Doc. No. 25] |

Plaintiff Antonio J. Barragan, previously detained at San Diego County Jail and proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging Defendant San Diego Sheriff's Department Captain D. Flynn[1] denied him proper medical attention by "ignoring" his pain and need for shoulder surgery in violation of the Eighth and Fourteenth Amendments. *See* Doc. No. 1. Defendant Flynn moves for summary judgment as to Plaintiff's claim. *See* Doc. No. 25. To date, Plaintiff has not

---

[1] Plaintiff also names an "unidentified medical officer" in his complaint. This doe defendant has not been named or served.

filed a response to Defendant's motion. The Court took the motion under submission on the moving papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, the Court **GRANTS** Defendant's motion.

## BACKGROUND[2]

Plaintiff claims that on April 26, 2015, he was involved in a physical altercation with a fellow inmate at San Diego County Jail. *See* Doc. No. 1-2 at 6.[3] Plaintiff suffered injuries during the altercation. *Id*. Plaintiff testified that he was taken to the jail medical unit after the altercation, where he was treated for cuts and abrasions, and examined for a possible concussion. *See* Doc. No. 25-3 at 2. Several days later, Plaintiff requested medical attention due to pain in his shoulders. *See* Doc. No. 25-4 at 11-12. Plaintiff was offered pain medication, but at various times he declined to take the recommended medication. *Id*. at 27. Plaintiff saw a doctor, who placed Plaintiff on the "ortho list" based on a suspected torn rotator cuff. *Id*. at 16. Plaintiff received cortisone injections and physical therapy several times. *Id*. Six or seven months later, Plaintiff saw a surgeon who ordered an MRI scan of Plaintiff's shoulder. *Id*. at 20. Plaintiff ultimately advised the surgeon that a previously administered steroid injection was not sufficient for the pain, and surgery was necessary. *Id*. Plaintiff's surgery was scheduled, however, Plaintiff was transferred to another institution and he never received the surgery. *Id*. During his time at San Diego County Jail, Plaintiff's only contact with Defendant Flynn was when he asked Flynn a question about something unrelated to his injuries. *Id*. at 10.

## LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to

---

[2] These facts are taken primarily from Plaintiff's deposition testimony, which the Court cross-referenced with the exhibits attached to Plaintiff's unverified complaint.

[3] Citations refer to the pagination assigned by the CM/ECF system.

any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it could affect the outcome of the suit under applicable law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* at 248.

The party seeking summary judgment bears the initial burden of establishing the basis of its motion and of identifying the portions of the declarations, pleadings, and discovery that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party does not bear the burden of proof at trial, he may discharge his burden of showing no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. The burden then shifts to the opposing party to provide admissible evidence beyond the pleadings to show that summary judgment is not appropriate. *Id.* at 324. The party opposing summary judgment cannot "rest upon the mere allegations or denials of [its] pleading but must instead produce evidence that sets forth specific facts showing that there is a genuine issue for trial." *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir.), cert. denied, 555 U.S. 827 (2008) (internal quotation marks omitted).

In applying the standard set forth under Rule 56, district courts must "construe liberally motion papers and pleadings filed by *pro se* inmates and . . . avoid applying summary judgment rules strictly." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). A court must consider as evidence in opposition to summary judgment all contentions "offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [the party appearing *pro se*] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). However, neither an unverified complaint nor unsworn statements made in the parties' briefs can be considered as evidence at this stage. *Moran v. Selig*, 447 F.3d 748,

759 & n. 16 (9th Cir. 2006) (unverified complaint cannot be considered as evidence on motion for summary judgment).

## DISCUSSION

Defendant Flynn moves for summary judgment based on the lack of any evidence to demonstrate that he personally participated in the allegedly unlawful acts at issue in this case. As such, Defendant argues that no reasonable trier of fact could find that he was deliberately indifferent to Plaintiff's medical needs in violation of Plaintiff's constitutional rights.

To succeed on a claim for deficient medical care, a plaintiff must show "deliberate indifference" to his or her "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (setting forth legal standard under the Eighth Amendment).[4] This includes "both an objective standard – that the deprivation was serious enough to constitute cruel and unusual punishment – and a subjective standard – deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (*overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014).

Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). A prison official is deliberately indifferent whenever the official "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)) (internal quotation marks omitted). This requires more than mere misdiagnosis, medical malpractice, or even gross negligence. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

---

[4] Because Plaintiff was a pretrial detainee at the time in question, Plaintiff's claim against Defendant Flynn arises under the Fourteenth Amendment Due Process clause. *See Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1242-44 (9th Cir. 2010). However, the Eighth Amendment deliberate indifference standard applies. *Id*. at 1244.

### a) Serious Medical Need

Plaintiff testified during his deposition that he suffered some serious injury to at least one of his shoulders while incarcerated at San Diego County Jail. Defendant Flynn offers no evidence to the contrary. Accordingly, the Court finds that Plaintiff had a serious medical need.

### b) Deliberate Indifference

Plaintiff claims generally that he received deficient medical care for his shoulder during his period of incarceration at San Diego County Jail. Plaintiff's sole specific allegation against Defendant Flynn is that he "ignored" the surgeon's recommendation that Plaintiff needed surgery to repair Plaintiff's shoulder injury. Doc. No. 1-2 at 1.

Plaintiff's own deposition testimony contradicts this allegation. First, Plaintiff testified that his only contact with Defendant Flynn was when he asked Flynn a question about something unrelated to his injuries. *See* Doc. No. 25-4 at 10. There is no evidence in the record to suggest that Defendant knew of Plaintiff's medical condition, or was personally involved with Plaintiff's medical treatment. Moreover, absent any personal participation, Defendant Flynn may not be held liable for the actions of subordinate correctional or medical personnel. *See Maxwell v. Cty. of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013) (citing *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)) ("A supervisor is liable under § 1983 for a subordinate's constitutional violations 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'").

Second, Plaintiff testified that after he informed the surgeon that surgery was necessary, the surgery was in fact scheduled. *See* Doc. No. 25-4 at 16. Plaintiff did not undergo surgery because he was transferred to another institution. *Id*. There is no evidence in the record to suggest that any correctional or medical personnel at San Diego County Jail "ignored" Plaintiff's need for surgery, much less that Defendant Flynn had any personal involvement in these events. To the contrary, Plaintiff testified that he received ongoing medical treatment while housed at the jail. Any disagreement with the

prescribed treatment and medication is insufficient to establish deliberate indifference. *See Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (holding "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim").

Finally, Plaintiff claims that the medical treatment for his shoulders was unreasonably delayed. A delay in providing medical care may manifest deliberate indifference. *Estelle*, 429 U.S. at 104-05. Here, a period of months passed before a surgeon examined Plaintiff, an MRI was performed, and surgery was scheduled. However, there are no facts in the record to suggest that Defendant Flynn had any involvement in the timing or scheduling of Plaintiff's medical appointments. The initial misdiagnosis of a torn rotator cuff likely contributed to the delay. But even if grossly negligent, the misdiagnosis is insufficient to establish deliberate indifference, particularly against Defendant Flynn, who appears to have played no role in Plaintiff's medical care. *Id.* at 106.

In sum, Defendant Flynn has met his burden of showing a complete "absence of evidence to support" Plaintiff's claim against him. *Celotex Corp.*, 477 U.S. at 325. As such, no reasonable trier of fact could find Defendant liable for Plaintiff's injuries, and judgment in Defendant's favor is appropriate.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's motion for summary judgment as to Plaintiff's claims in this action. The Clerk of Court is instructed to enter judgment in favor of Defendant, and close the case.

**IT IS SO ORDERED**.

DATE: November 3, 2017

_____
HON. MICHAEL M. ANELLO
United States District Judge